U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY - 3 2016

TONY R. MOORE, CLERK
BY: _____
      DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| STINE LLC | CIVIL ACTION NO. 2:13-03224 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| UNITED STATES OF AMERICA, ET AL | MAG. JUDGE KAY |

## MEMORANDUM RULING

Before the court is a "Rule 60(a) Motion to Correct Error in Judgment" (R. #51) wherein Stine, LLC, ("Stine") moves to "correct" a judgment rendered by the court on January 27, 2015.[1] Stine maintains that there was an inadvertent error as to the numerical amount of the refund due to plaintiff. The government opposes the motion and instead maintains that Stine is seeking an additional credit/refund that was not alleged in its complaint and/or litigated in this lawsuit.

Federal Rule of Civil Procedure article 60(a) provides as follows:

> (a) The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order or other part of the record. The court may do so on motion or on its own, with or without notice.

"As long as the intentions of the parties are clearly defined and all the court need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake, the modification will be allowed. If, on the other hand, cerebration or research into the law or planetary

---

[1] R. #44.

1

excursions into facts is required, Rule 60(a) will not be available to salvage . . . [a party's] blunders."[2] Rule 60 does not allow for a change in the substance of the judgment.[3]

On June 20, 2013, the IRS issued a Notice of Deficiency to Stine in the amount of $2,164,486. On December 10, 2013, the Internal Revenue Service issued to Stine a *Notice of Disallowance* in the amount of $2,450,861.

Stine filed the instant suit on December 1,, 2013 seeking a refund of taxes paid for the taxable years 2003 through 2008. The parties filed cross-motions for summary judgment and on January 27, 2015, this court entered judgment in favor of Stine in the amount of $2,164,486. The court found that because the stores located in Walker and Broussard, Louisiana were placed in service prior to December 31, 2008, Stine was entitled to take an immediate 20% deduction known as the Go Zone deductions. We also expressly held that Stine was entitled to a full refund for taxable years 2003 through 2008.

In its motion, Stine maintains that loss carryback for 2008 affected taxable years ended December 31, 2003, 2004, 2005, 2006 and 2007 which should have entitled the company to a total refund of $2,450,861. This court's judgment stated that Stine was entitled to "a full refund of the taxes it over paid in the amount of $2,164,486 for the taxable year 2003 through 2008 and interest thereon such refund. . . . ." Stine submits that although the Judgment correctly articulated that Stine was due the full amount of the refund attributable to the taxable years of 2003 through 2008, the numerical amount of the refund was incorrectly stated. It did not include the amounts due for the claims disallowed by the IRS for the years 2003 through 2007.

---

[2] Matter of West Texas Marketing Corp., 12 F.3d 497, 504-05 (5th Cir. 1994).
[3] In re Galiardi, 745 F.2d 335, 336 (5th Cir. 1984)(per curiam); Trahan v. First National Bank of Ruston, 720 F.2d 832, 834 (5th Cir. 1983).

2

Stine presents two exhibits that were already in the record to support the "clerical" error. Exhibit 1 is the Government's *Notice of Disallowance* dated December 10, 2013; the document was attached to Stine's Complaint.[4] The *Notice* expressly states that Stine's claims for the taxable years ended December 31, 2003, 2004, 2005, 2006 and 2007 are disallowed because the disallowance of depreciation in 2008 resulted in no operating loss for the taxable year 2008, and therefore the claims were not available for carryback for these earlier periods. The *Notice of Disallowance* lists the claimed amounts as follows:

$1,524,633.00 (12/2003)
$1.00 (12/2004)
$624,494.00 (12/2005)
$119,823.00 (12/2006)
$1.00 (12/2007)
$181,909.00 (12/2008)
$1.00 (12/2009)

The total amount disallowed by the IRS in this *Notice* is $2,450,861.

In the *Notice of Deficiency* dated June 24, 2013,[5] the IRS computed the amounts as follows:

| Tax Year Ended | Tax | Penalties or Additions to Tax |
|---|---|---|
| December 31, 2003 | $1,408,435.00 | |
| December 31, 2004 | $0.00 | |
| December 31, 2005 | $ 625,761.00 | |
| December 31, 2006 | ($30,405.00) | |
| December 31, 2007 | ($21,214.00) | |
| December 31, 2008 | $181,909.00 | |
| December 31, 2009 | $ 0.00 | |

---

[4] R. #1.
[5] Plaintiff's exhibit 2.

3

The total amount of in this deficiency notice is $2,164,486.00, the amount sought in the prayer for relief in the complaint. To be clear, Stine's position is that the government not only disallowed the Go Zone depreciation deductions for the taxable year 2008, but also disallowed all other refund claims predicated on the loss carryback from the disallowed 2008 deductions. In other words, had the government not disallowed the Go Zone deductions, credits based on the loss carrybacks for the years ending 2003 through 2007, would have been allowed entitling Stine to not only the $2,164.486 depreciation deduction, but also the $286,375 credits for a total refund of $2,450,861.

Stine asserts that after it was awarded a judgment in its favor awarding the full amount of refunds attributable to the taxable years of 2003 through 2008, it requested from the IRS the amount stated in this court's judgment -- $2,164,486-- plus the previously disallowed claims -- $286,375 -- expressly stating to the government that because it was entitled to the full amount of the Go Zone deduction, it was also entitled to the claims/credits for taxable years 2003 through 2007, specifically noting that the government's disallowance of these claims was predicated on the disallowance of the Go Zone deductions for the 2008 taxable year.

The government maintains that the additional $286,375 was not litigated in this action because the prayer in the complaint by Stine specifically noted the $2,164,486 and the substance of the complaint and motion for summary judgment filed by Stine referred only to the disallowance of the Go Zone depreciation deduction. The government contends that Stine failed to assert and/or seek a refund for the disallowance of the claims predicated on loss carryback from 2008. The governments informs the court that on March 4, 2016, it transmitted to Stine a check in the amount of $2,192,493.77, which included the amount stated in the judgment, plus

interest calculated to March 1, 2016. Thus, the government posits that it has satisfied the judgment.[6]

The government argues that Stine did not mention in this lawsuit its claims for additional refunds resulting from fuel tax credits and an AMT calculation. Thus, the government argues that Stine's motion to correct the judgment is an attempt to rewrite its complaint and motion for summary judgment to include claims for a refund of additional credits not litigated before this court. The government asks the court to deny the motion because (1) it is not a proper Rule 60(a) motion; (2) Stine's claims for additional refunds were not litigated and not before the Court; (3) Stine did not meet its burden of proof that it is entitled to additional funds; and (4) Stine's claims for 2003-2008 have been finally adjudicated.

The government remarks that Stine got exactly what it asked for – a judgment in the amount of $2,164,486, and that the failure to include the additional claims was the fault of Stine and not this court. Furthermore, the government argues that because it affects the substantive rights of the parties, it cannot be corrected under Rule 60(a).

The government does not contest that the amount of the Notice of Disallowance was $2,450,861; only that the additional amount was not challenged in this lawsuit. The government further informs the court that the difference in the amounts (Notice of Deficiency -- $2,164,486-- and the Notice of disallowance -- $2,450,861) is attributable to the following credits:

2003: Stine submits that the AMT should be zero because there was a suspension of the 90% AMT limitation for NOLs attributable to Go Zone losses.

2006: Stine contends that it is owed an overpayment from its original return, general business carrybacks from 2007 and a telephone excise tax credit.

---

[6] Stine has not cashed the check nor signed the government's proposed satisfaction of judgment.

The government submits that the record is wholly absent of any mention of Stine being entitled to a refund in the amount of $2,450,861, and the first time the additional funds were raised, was in a letter dated November 2, 2015 from Stine to the government. The government states that the parties did not take discovery with respect to whether Stine was entitled to the calculations and credits it now claims. The government further argues that Stine, who has the burden of proof, has failed to prove that it is entitled to the additional funds.[7] Thus, the government posits that Stine abandoned its claim to any additional funds resulting from an AMT calculation and fuel tax credits.

The government further argues that because Stine's claims for the years at issue have been fully litigated, it is prohibited from re-litigating a claim to that effect now.[8]

Stine maintains that it filed the Rule 60(a) motion in order to correct the judgment previously rendered so that the judgment will accurately conform to the intentions of this court. It is true that Stine filed a complaint seeking a refund of all amounts due for the tax years 2003 through 2008.[9] Stine remarks that the *Notice of Disallowance* was attached to the Complaint[10] which if you manually add up each year's disallowed claims (2003-2008), the total amount of the disallowance is $2,450,861.

---

[7] Citing David v. Phinney, 350 F.2d 371, 376 (5th Cir. 1965)(the burden of proof is upon the taxpayer to prove not only that the determination of the tax was wrong, but to produce evidence from which another and proper determination could be made.)

[8] Finley v. United States, 6121980)citing Commissioner v. Sunnen, 333 U.S. 591, 598 (1948)("In federal tax litigation one's total income tax liability for each taxable year constitutes a single, unified cause of action, regardless of the variety of contested issues and points that may bear on the final computation.")

[9] ¶ ¶ 12, 15, 17 and prayer for relief specifically asking for a refund "for the taxable years 2003 through 2008." R. #1.

[10] Exhibit A, R. #1.

The *Notice of Disallowance* attached to the Complaint contains the following relevant language:

> It is determined that two buildings that you constructed in the Gulf Opportunity Zone were not ready and available for their specifically assigned function on or before December 31, 2008, and therefore were not placed in service until taxable year 2009. The depreciation deduction (2) claimed relative to these assets is not allowable. On this basis, your claim for taxable year 2008 is disallowed.
>
> Your claims for taxable years ended December 31, 2003, 2004, 2005, 2006 and 2007, predicated upon a loss carryback from 2008, are disallowed. The disallowance of depreciation in 2008 results in no net operating loss for taxable year 2008, and therefore is not available for carryback to these earlier periods. On this basis, these claims are disallowed.[11]

The court has reviewed the record and notes that even though the prayer for relief in the complaint sought an amount of $2,164,486 "for the taxable year 2003 through 2008 inclusive; including interest on such refund as provided by IRC § 6611; and, for any other additional damages, attorney fees, interests, costs, and other sums allowed by law,"[12] the attached *Notice of Disallowance* clearly establishes the total amount being disallowed by the government is $2,450,861. The complaint and the motion for summary judgment filed by Stine clearly establishes that Stine was seeking a full refund to the total amount disallowed by the *Notice of Disallowance* attached to the complaint. Furthermore, the *Notice of Disallowance* issued by the IRS clearly states that the additional claims of $286,375 was disallowed because the 2008 depreciation deduction was disallowed by the IRS, which resulted in no net operating loss for the taxable year 2008; thus, the claims for the years 2003 through 2007 were not available.

---

[11] Exhibit 1, attached to Complaint. R. #1.
[12] Page 6 of Complaint, R. #1.

The court concludes that there was indeed a mistake or inadvertent error in its judgment because it did not include the total amount of disallowed deductions (2008 Go Zone deduction) and the claims for years 2003 through 2007 predicated upon the loss carryback for the 2008 taxable year. We further find that this mistake does not require any cerebration and/or research or further litigation as the record reveals the total amount to be refunded to the tax payer. The purpose of the Memorandum Ruling and Judgment was to refund Stine the taxes it over paid for the taxable years 2003-2008[13] which is what Stine sought in its complaint. This necessarily includes the claims/credits which were predicated on the loss carryback in 2008.

## CONCLUSION

For the reasons set forth above, the "Rule 60(a) Motion to Correct Error in Judgment" will be granted and an Amended Judgment will be rendered to correct the Judgment dated 1/27/2015.[14]

**THUS DONE AND SIGNED** in chambers on this  3rd  day of May, 2016.

_____
JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[13] R. #43 and 44.
[14] R. #44.